**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  23-CR-354-SEH** |
| **RONALD DALE SANDERS,** | |
| **Defendant.** | |

**Government's Response to Defendant's**
**Motion for Nonguideline Sentence (Dkt. No. 56)**

For the reasons set forth in the Government's Sentencing Memorandum (Dkt. No. 57) and the Government's Unopposed Motion for a Nonguideline Sentence (Dkt. No. 58) and the additional arguments herein, the Court should deny Sanders Motion for Nonguideline Sentence (Dkt. No. 56) and impose a term of imprisonment for 420 months.

**Argument**

When applying the § 3553(a) factors and taking into consideration Sanders' acceptance of responsibility and health issues, all factors support a sentence of 420 months imprisonment. Respectfully, none of the factors Sanders cites for leniency warrant an 8-level variance in this case, nor do they appropriately negate the appropriate enhancements his guidelines calculation considers for his conduct in this case. Rather, Sanders asks to be rewarded by minimizing his part in abusing a 14-year-old girl by blaming alcohol, steroids, health problems and traumatic brain

injury.

## I.    A sentence of 420 months imprisonment would avoid unwanted sentencing disparities.

A sentencing court must consider how a defendant's sentence compares to that of other similarly situated perpetrators. A court that properly calculates and considers the advisory guideline range has considered sentencing disparities. *See Gall*, 552 U.S. at 54 (explaining that "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"). As many courts have explained, "[a] sentence within a Guidelines range 'necessarily' complies with Section 3553(a)(6)." *United States v. Franklin*, 785 F.3d 1365, 1371 (10th Cir. 2015) (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009)). "The purpose of the guidelines is 'to eliminate disparities among sentences nationwide.'" *Id.* at 1372 (quoting *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008)).

A comparison of sentences may be misleading because of the ways in which cases, and defendants, are unique. For these reasons, this Court is not obliged to engage in a case-by-case comparison of sentences imposed in cases unconnected to Sanders's. But should this Court decide that such an assessment is necessary, it will find that individuals like Sanders who find sexual gratification in abusing children are met with severe terms of incarceration. A sampling of sentences for similar conduct in the Northern District of Oklahoma show uniformly significant terms of imprisonment. These include:

> Johnny Summers, 22-CR-165-EFM: Summers, 23 years old, coerced and enticed a 14-year-old child to engage in sexual acts and he attempted to coerce

the child to send nude photographs of herself. Summers touched the minor's body and attempted to insert his penis into her vagina. A jury found Summers guilty of coercion and enticement of a minor, sexual abuse of a minor, and abusive sexual contact with a minor. The Court sentenced Summers to 340 months imprisonment and 15 years supervised release.

Alexander Sweet, 21-CR-340-JFH: Sweet, 28 years old, coerced and enticed the sixteen-year-old child to send him sexually explicit images of herself, as well as demand the minor engage in sexual acts with other minor children. Sweet also filmed himself engaging in sexual acts with the minor, which he kept. Finally, Sweet was found having received and possessed additional child pornography. A jury found Sweet guilty of coercion and enticement of a minor, production of child pornography, receipt of child pornography, and possession of child pornography. The court sentenced Sweet to life in prison and lifetime supervised release.

Billy Scott McDonald, 22-CR-341-JFH: McDonald, 47 years old, babysat the two-year-old victim on at least one occasion. McDonald filmed the two-year-old putting her mouth on his penis and took pictures of the child's exposed genitals. McDonald pleaded guilty to the Indictment without a plea agreement. The court sentenced him to 360 months in prison with lifetime supervised release.

The Government agrees that a one level downward variance is appropriate in this case, based on what similar defendants have received who exploit children. However, a term of imprisonment that Sanders requests of 180 months is not. This was not a one-time incident. Over the course of four months, Sanders repeatedly groomed, manipulated and sexually abused a 14-year-old prior student. Sanders used his position of power as a teacher to gain access to and take advantage of the minor victim. The appropriate sentence in this case is a term of imprisonment of 420 months.

## II. The guideline is correctly applied in the PSR.

Sanders's contention that U.S.S.G. 2G2.1(b)(3) does not apply is incorrect.

According to the Guidelines, there is a two-level increase in the guidelines if a defendant "knowingly engaged in distribution." U.S.S.G. § 2G2.1(b)(3). The commentary defines distribution as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." U.S.S.G. § 2G2.1, cmt. n.1. Additionally, the 9th Circuit has affirmed that U.S.S.G. 2G2.1(b)(3) applies when a perpetrator creates an illicit image of a minor victim and shares it only with the victim and not with a third party. *Unites States v. Hernandez*, 894 F.3d 1104, 1106 (9th Cir. 2018). The facts in *Hernandez* are identical to this case, Hernandez took photos of himself, and the minor victim engaged in sexual activity and then distributed those images via his cell phone to the minor. *Id.* at 1107.

Just like in *Hernandez*, Sanders took a picture of him and the minor victim engaging in sexual activity and then later sent that image to the victim. By doing so, Sanders committed the "act … related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.1, cmt. n.1. The guideline was properly applied, there should not be a two-level downward variance based on that.

## Conclusion

For the foregoing reasons, the Court should deny Sanders Motion for

Nonguideline Sentence (Dkt. No. 56).

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


*/s/ Alicia N. Hockenbury*
Alicia N. Hockenbury, OBA No. 34108
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700


## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

John Connelly
*Counsel for Defendant*


*/s/ Alicia N. Hockenbury*
Assistant United States Attorney